IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Tommy Young, #280632, ) | C/A NO. 1:11-2374-CMC-SVH |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| Warden Stevenson, Lieber Correctional Institution, ) | |
| Respondent. ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On July 26, 2012, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter be dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On July 30, 2012, Petitioner filed a motion for summary judgment. ECF No. 38. On August 14, 2012, Petitioner filed objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation except as noted below.

In discussing the related issues of exhaustion and procedural bar, the Report states

> in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

Report at 12 (ECF No. 35).

The court finds this to be an incorrect statement of the current law. The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan* [ *v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854.[1]

---

[1] The *O'Sullivan* Court considered the South Carolina rule enunciated in *In re Exhaustion* as trying to remove South Carolina Supreme Court review as an available state remedy for habeas purposes, but reserved judgment as to whether the rule actually succeeded in doing so. *O'Sullivan*

2

As the Sixth Circuit noted in *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003), although a rule by a state's highest court indicating that litigants need not file for discretionary review does not "completely remove[ ] state supreme court review as an option for litigants," it does "establish that [state] Supreme Court review is no longer part of the normal course of review for criminal appeals, and is not necessary for exhaustion of 'all available state remedies.' " "[W]hen remedies are taken outside of the normal criminal review process, those remedies become 'extraordinary:' technically available to the litigant but not required to be exhausted." *Id*. at 403 (citing *O'Sullivan*, 526 U.S. at 844).[2]

#### PETITIONER'S OBJECTIONS

Petitioner presents several objections to the Report, arguing that the Report "misconstru[es]" certain of his claims, Obj. at 2 (ECF No. 39), and rearguing his position regarding counsel's alleged ineffectiveness. However, these objections are merely reassertion of argument and positions presented by Petitioner in response to summary judgment, and fail to show how the Report erred in its deferential review of the state court decisions which is required under 28 U.S.C. § 2254(d).

Accordingly, Petitioner's motion for summary judgment is denied and Respondent's motion for summary judgment is **granted**. This petition is dismissed with prejudice.

#### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

*v. Boerckel*, 526 U.S. 838, 847-48 (1999).

[2]This, of course, also promotes a principle deemed essential to the *O'Sullivan* ruling and to habeas corpus review in general: comity between the state and federal governments. Comity dictates that the federal courts not ignore a state supreme court's order or rule addressing exhaustion for federal habeas purposes.

3

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 16, 2012